# United States District Court

for the

### Eastern District of Pennsylvania

November 25, 2020

U.S.A. vs. Beana Bell                                           Case No. 2:13CR00519-002

**Petition on Supervised Release**

      COMES NOW Cassie Musselman U.S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Beana Bell who was placed on supervised release by the Honorable Michael M. Baylson sitting in the Court at Philadelphia, PA, on the 26th day of March, 2015, who fixed the period of supervision at six years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSE: | Conspiracy to commit health care fraud (Count One) and false statements in health care matters (Counts Two through Nine) |
| ORIGINAL SENTENCE: | The defendant was committed to the custody of the U.S. Bureau of Prisons for a period of five days on each count to run concurrently, to be followed by a total term of six years supervised release. A special assessment of $900.00 was imposed. |
| SPECIAL CONDITIONS: | 1) The first ninety (90) days of supervised release shall be served on house with the defendant to pay the costs of the monitoring service; 2) The defendant shall provide the US Probation Office with full disclosure of her financial records to include yearly income tax returns upon the request of the US Probation Office. The defendant shall cooperate with the probation officer in the investigation of her financial dealings and shall provide truthful statements of her income; 3) The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court; 4) The defendant shall pay restitution in the amount of $1,931,015.52 at the rate of not less than $50.00 per month, to commence 30 days after her release from confinement; and 5) As a further special condition of supervised release, the defendant is excluded from employment at any company or institution that participates in any federal health care |

RE: Bell, Beana
Case: 2:13CR00519-002

    program during the period of supervised release. (As an underlying foundation for this special condition, the Court must find that: l) a reasonably direct relationship existed between the defendant's occupation, business or profession and the conduct relevant to the offense of conviction; 2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted; and 3) that the time frame and structure of the special condition is for the minimum time frame and to the minimum extent necessary to protect the public.)

SUPERVISION
COMMENCED:    April 22, 2015

SUPERVISION
TERMINATES:    April 21, 2021

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Ms. Bell has made a good adjustment to supervision. She currently resides in Philadelphia, Pennsylvania, with her mother and her son. She works full-time for Global Abstract & Settlement Services as a customer service representative. The defendant has paid the special assessment in full and $4,500.00 towards her restitution, leaving a balance of $1,922,952.49. It should be noted that beginning in August 2018, Ms. Bell increased her payment to $100.00 per month.

According to Section 18 U.S.C. § 3613(b), the liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined. In addition, according to Section 18 U.S.C. §3613(f), in accordance with § 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

Ms. Bell's supervision is scheduled to expire on April 21, 2021. She will be instructed to make payments directly to the Clerk of Court until the judgment is satisfied. The Financial Litigation Unit of U.S. Attorney's Office will be notified of Ms. Bell's case expiration date. It is noted that the U.S. Attorney's Office will monitor and collect this debt beyond the period of supervision, taking collection action as deemed necessary.

We respectfully request that Your Honor permit the term of supervision to terminate as scheduled with an outstanding restitution balance and offer the following prayer for the Court's consideration.

**RE:   Bell, Beana**
**Case:   2:13CR00519-002**

| | |
|---|---|
| **PRAYING THAT THE COURT WILL ORDER...** | **THAT SUPERVISED RELEASE BE PERMITTED TO TERMINATE, AS SCHEDULED, ON APRIL 21, 2021, WITH OUTSTANDING RESTITUTION, DUE AT A RATE OF NOT LESS THAN $100.00 PER MONTH.** |

I declare under penalty of perjury that the foregoing is true and correct.

Jonathan J. Henshaw
Digitally signed by Jonathan J. Henshaw
Date: 2020.11.25 12:26:26 -05'00'

Jonathan J. Henshaw
Supervising U.S. Probation Officer

Place:   Philadelphia, PA
Date:   November 25, 2020

clm

cc:   Assistant U.S. Attorney
U.S. Attorney - Financial Litigation Unit
Defendant's Attorney
Defendant

### ORDER OF THE COURT

Considered and ordered this __2nd__ day of __December__, __2020,__ and ordered filed and made part of the records in the above case.

/s/ Michael M. Baylson

The Honorable Michael M. Baylson
U.S. District Court Judge